IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KIMBERLY WILSON,

        Plaintiff,

v.                                     Civil Action No. 2:21-cv-869

EAT N' PARK HOSPITALITY GROUP
t/a PARKHURST DINING,

        Defendant,         **JURY TRIAL DEMANDED**

**COMPLAINT**

AND NOW comes Plaintiff, KIMBERLY WILSON by and through her attorney, John Newborg, Esquire and files this Complaint against EAT N' PARK HOSPITALITY GROUP t/a PARKHURST DINING averring as follows:

**PARTIES**

1. Plaintiff, is an adult individual who resides at 5722 Wesleyan Drive, Gibsonia, PA 15044.

2. Defendant EAT N' PARK HOSPITALITY GROUP t/a PARKHURST DINING is a business corporation with its headquarters located at 285 East Waterfront Drive, Homestead, PA 15120.

3. Defendant employs 15 or more employees and is an "employer" within the meaning of §701(h) of Title VII, 42 U.S.C. §2000e(h).

4. Defendant is an employer within the meaning of the Pennsylvania Human Relations Act, 43 P.S. §951(4)(b) in that it employs more than 4 people.

1

5. At all times material hereto, Defendant acted or failed to act through its duly authorized agents and employees, acting within the course and scope of their agency and employment with Defendant.

## JURISDICTION AND VENUE

6. This action is brought and jurisdiction lies pursuant to the AMERICANS WITH DISABILITIES ACT, as amended ["ADA"] 42 U.S.C.A. *Section* 12133.

7. In addition, the jurisdiction of this Court is predicated upon *28 U.S.C. Section 1331 and 1343*, to redress the unlawful deprivation of Plaintiff's rights secured, guaranteed and protected by federal law.

8. This court has jurisdiction over Plaintiff's state law claim pursuant to *28 U.S.C. Section 1331*.

9. Venue is proper in the United States District Court for the Western District of Pennsylvania pursuant to *28 U.S.C. Section 1391(b),* wherein Plaintiff resides, and Defendant regularly conduct business and all the wrongful conduct occurred in the Western District of Pennsylvania.

10. Plaintiff filed a timely Charge of Discrimination against EAT N' PARK with the United States Equal Employment Opportunity Commission ("EEOC")

11. Plaintiff's Charge of Discrimination filed with the United States Equal Employment Opportunity Commission ("EEOC") was dual filed with the Pennsylvania Human Relations Commission.

12. On May 7, 2021 the EEOC issued to the Plaintiff a Right to Sue letter.

13. Plaintiff has timely filed this Federal Complaint.

## FACTUAL ALLEGATIONS

14. Claimant began her employment with Defendant on August 17, 2015.

15. Claimant worked as a cashier and also as a salad preparer

16. Plaintiff worked at the Eden Hall Campus of Chatham College.

17. Plaintiff did not work during the summer months.

18. In April of 2019 the Plaintiff took a medical leave of absence for heart issues.

19. Plaintiff returned to work on August 19, 2019.

20. When Plaintiff returned to work the Plaintiff was restricted by her doctor from lifting more than 15 pounds.

21. In addition to heart problems, the Plaintiff suffered from back pain.

22. The heart and back problems rendered the Plaintiff disabled as that term is defined in the ADA.

23. However, Plaintiff was able to perform the essential functions of her job.

24. After Plaintiff returned to work in August of 2019, Plaintiff's manager, Chris Galarza, repeatedly questioned the Plaintiff about the status of her health, and whether she intended to apply for disability and quit working.

25. On March 17, 2020 the Defendant laid the Plaintiff off due to the Covid-19 Pandemic.

26. Shortly before the Covid lay off, Jen O'Donnell became the Executive Chef for Defendant.

27. On July 1, 2020 Jen O'Donnell called the Plaintiff, and told the Plaintiff that Defendant had to terminate the Plaintiff's employment due to lack of work and due to the Covid-19 pandemic.

28.     By letter dated July 8, 2020 Defendant confirmed that Plaintiff was terminated effective July 1, 2020.  Attached hereto and Marked Exhibit "A" is a copy of the July 8, 2020 letter.

29.     The July 8, 2020 letter states:

> Unfortunately, due to current economic conditions and overall needs of the business, we regret to inform you that your temporary layoff will become a permanent layoff effective 7/2/2020.

30.     After Plaintiff was fired, Jen O'Donnell hired a young non-disabled employee to replace the Plaintiff.

31.     The statement in the letter that "economic conditions and overall needs of the business" necessitated the termination of Plaintiff's employment is false statement.

32.     Further, Defendant did not state in the letter that the Plaintiff was being terminated for cause.

33.     After Plaintiff filed her Charge of Discrimination, it was then that Defendant stated that the reason for Plaintiff's termination was Plaintiff's alleged work infraction.

34.     Prior to Plaintiff's dismissal the Plaintiff had consistently received good evaluations, stating, *inter alia,* that Plaintiff was always willing to do more, that Plaintiff exceeded expectations, that Plaintiff was loved by her co-employees and the students, and that Plaintiff was dependable and reliable.

35.     Despite the above assessments of Plaintiff's overall value to the Defendant, Defendant points to a single alleged infraction during the Plaintiff's four and a half years of employment to justify her dismissal.

36.     The reasons given for the Plaintiff's dismissal were pretextual, as the real reason was to keep from having a disabled person working for Defendant.

37. By terminating the Plaintiff's employment, the Defendant discriminated against the Plaintiff based upon the Plaintiff's disability.

## AMERICANS WITH DISABILITIES ACT

38. Paragraphs 1 through 37 above are hereby incorporated by reference.

39. Under the ADA it is an unlawful employment practice to terminate an employee based upon the employee's disability, where the employee is able to perform the essential functions of the job.

40. As a result of Defendant's violation of the ADA, the Plaintiff has suffered various damages and injuries for which the Plaintiff seeks relief as stated below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

(a) Judgment in her favor and against the Defendant for back pay and loss of employment benefits from July 1, 2020, plus interest;

(b) An award of front pay and benefits;

(c) An award of compensatory damages;

(d) An award of reasonable attorney's fees, including litigation expenses and costs;

(f) Such other relief as the Court deems just and proper.

## VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT, 43 P.S. §§ 951-963

41. Paragraphs 1 through 40 above are hereby incorporated by reference.

42. Plaintiff dual filed her Charge of Discrimination with both the Equal Employment Opportunity Commission and the Pennsylvania Human Relations Commission.

43. Having dual filed, the Plaintiff has preserved her right to damages under the Pennsylvania Human Relations Act.

44. The actions of Defendant as stated above constitute violations of the Pennsylvania Human Relations Act.

WHEREFORE, Plaintiff demands judgment against Defendant for the following damages pursuant to the Pennsylvania Human Relations Act.

(a) Lost wages and benefits from July 1, 2020 to the present and into the future;

(b) Compensatory damages for humiliation, embarrassment and emotional distress;

(c) Attorney fees and costs of litigation;

(d) Punitive damages;

(e) Such other relief as the Court deems appropriate.

Respectfully submitted,

By: s/ John Newborg_____
JOHN NEWBORG, Esq.
Pa. I.D. No. 22276
225 Ross Street, 4th Floor
Pittsburgh, PA 15219
(412) 874-9442
newborglaw@gmail.com